[No. 959. Decided January 9, 1894.]

## ALFRED LAFOND, *Respondent*, v. JAMES H. SMITH, *Appellant*.

#### NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Where a personal judgment has been obtained against defendant in an action to foreclose a livery stable keeper's lien, defendant is entitled to a new trial upon an application showing that plaintiff had written him a letter the absence of which at the trial was fully explained, notifying him that he would resort to his lien upon the horses for their keep, upon which defendant had relied; and that the plaintiff, instead of pursuing that remedy, waited until the bill against the horses had greatly increased, and then sought to hold the defendant for its payment.

*Appeal from Superior Court, Skagit County.*

*Sinclair & Smith*, for appellant.

*J. C. Waugh*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The record in this case is exceedingly meager, and the special findings of fact by the jury are somewhat conflicting. So far as we are able to ascertain from the record, there is no merit in any of the allegations of error assigned by the appellant, except the error of the court in not granting a new trial on the ground of newly discovered evidence.

It seems to us that the letter, upon which the application for a new trial was made, shows pretty conclusively that the plaintiff had elected to seek his remedy against the horses, and that the appellant, after receiving the letter, had a right to presume that the respondent would take such action as he informed him in the letter that he would. He would not, therefore, be bound for any personal judgment. Instead of pursuing that remedy, however, respondent

waited until the bill against the horses had' become somewhat enormous and then sought to hold the appellant for its payment personally, after having notified him that he would resort to his lien upon the horses.    We think if this letter had been introduced in testimony the probabilities are that the verdict would have been different; and as the affidavit of appellant seems to us to fully explain its absence at the trial, we think the court erred in not granting the motion for a new trial on this ground.

The judgment will, therefore, be reversed and the cause remanded with instructions to grant a new trial.

STILES, SCOTT, ANDERS and HOYT, JJ., concur.